UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MICHAEL GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:24-cv-00233-GFVT-EBA |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JARED PELFREY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Report & Recommendation prepared and filed by

United States Magistrate Judge Edward B. Atkins. [R. 49.]  Judge Atkins recommends that this

Court grant the Defendants' Motion for Summary Judgment.  For the reasons that follow, Judge

Atkins's Report & Recommendation **[R. 49]** is **ADOPTED** as and for the opinion of the Court,

and the Defendants' Motion for Summary Judgment **[R. 41]** is **GRANTED**.

**I**

The facts recited in Judge Atkins's Report and Recommendation are not disputed by

either party.  They are quoted verbatim below:

> The allegations underlying this matter arise from Golden's time as a pretrial
> detainee at the Three Forks Regional Jail in Beattyville, Lee County, Kentucky.
> Golden alleges that on April 3, 2024, between 12:12 p.m. and 6:00 p.m., he was
> assaulted by several inmates in his housing unit.  According to Golden, the assault
> was encouraged by statements made by [Josh] Ward, [Jeff] Ragan, and [Emory]
> Crawford somewhere between March 2 and 7, 2024. Golden asserts that these
> three told the other inmates that, unless they "send [Golden] out leaking and
> bleeding and covered in blood," commissary and television privileges would be
> revoked for the entire unit.  Golden claims, on April 3, 2024, that these inmates
> subsequently attacked him and that he was thereafter place [sic] in disciplinary
> segregation and denied medical attention.  Golden also brings claims that the

living conditions at Three Forks were inadequate.  Golden asserts that the bed mats were insufficient, the facility was overcrowded, inmates were only granted yard access once every two to three months, the plumbing was defective, the showers were inoperable, and black mold was present throughout the facility.

According to jail records cited by the Defendants, Golden fought with other inmates before April 3, 2024, and he was reassigned from his regular cell assignment (Cell 151) to segregation on at least three separate occasions for disciplinary reasons while he was at Three Forks.  The Defendants argue that the incident reports indicate "Golden had been causing trouble and bullying people." Based on video footage recorded on the day of the incident, Golden and four other inmates pushed another inmate "into a cell and [hit] and [shoved] him as he tried to get out."  Later that same day, video footage appeared to show "that around 10 inmates had took turns fighting and hitting Inmate Golden."  Golden was taken to medical staff for evaluation because he was bleeding from his head and face.  The following day, medical personnel examined Golden again and performed x-ray imaging of his skull, which revealed "[n]o acute traumatic nor other significant osseous abnormality."

On August 29, 2024, Golden filed this *pro se* complaint under 42 U.S.C. § 1983.  As relevant to this motion, he brings various claims against the Defendants: (i) deliberate indifference to his safety, (ii) deliberate indifference to serious medical needs, and (iii) unconstitutional conditions of confinement.  He seeks declaratory and injunctive relief, as well as punitive and compensatory damages.

Shortly after Golden filed suit, the Court issued a scheduling order, requiring the parties to complete discovery by August 12, 2025, and to file dispositive motions by September 30, 2025.  Defendants served written discovery on Golden on February 25, 2025, and again on April 8, 2025, after learning he had been transferred to the Powell County Detention Center.  On or about April 26, 2025, Golden submitted his handwritten responses.

On September 30, 2025, Defendants moved for summary judgment as to all of Golden's claims against them.  Golden filed a response on November 24, 2025, opposing the Defendants' motion.

[R. 48 at 1-3.]  (internal citations omitted).  Judge Atkins reviewed the briefing on this motion and filed the instant Report and Recommendation on April 6, 2026. [R. 48.] Judge Atkins provided for a fourteen-day objections period. [*Id.* at 12.]  This period has

2

now elapsed, and the report and recommendation is now ripe for review by the district court.

## II

To receive review of a magistrate judge's decision, a party must submit particularized objections to a report and recommendation within fourteen days of the date of service thereof. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984). General objections that require a judge's interpretation are insufficient to preserve issues. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). An objecting party must provide sufficient specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply restates arguments already presented, is not an "objection" as that term is used in this context. *United States v. Vanover*, 2017 WL 1356328 (E.D. Ky. Apr. 11, 2017). In contrast, a specific objection must "explain and cite specific portions of the report which [the defendants] deem problematic." *Litteral v. Caraway*, 2019 WL 3006547, at *1 (E.D. Ky. July 10, 2019) (citing *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)).

Golden filed a letter in the record in response to the report and recommendation. [*See* R. 50 (construing letter as response).] Although the letter does not object to the findings made by Judge Atkins, it does express several items of concern regarding the legal process in general. [R. 49.] Golden provides that "[d]ue to an incident which occurred going on two weeks ago, we were denied access to the law books which are on a tablet." [*Id*. at 1.] He further mentions that his ability to communicate with the outside world was restrained, except for the ability to use the telephone for a fee, which limited his ability to correspond with "lawyers, judges, etc." [*Id*.] He

additionally states that "[i]t is my hope that we can take the evidence including, video, statements, and all of the court transcripts etc. and according by the roles [illegible] we make a judgment," and "[t]here is no sense in taking a lot more time the evidence is clear, unambiguous and easy to make a judgment regarding." [*Id*. at 2.]  He states that he is seeking "fair and impartial treatment." [*Id*.]  In his conclusion he reiterates several access to justice concerns, stating, "[a]s it stands I'm not even being afforded access to a semi-reasonable means of defending myself.  I have no computer, no law books, none of the equipment or material others are granted." [*Id*.]  He states finally, "[t]his has drug on for almost 3 years now, please let's let justice have it's day and be served." [*Id*.]  In sum, Golden is concerned about the access to justice afforded to prisoner-plaintiffs in federal civil rights litigation, and he seeks a fair and expedient resolution to his case.  He raises no objection to any conclusions of facts or law reached by Judge Atkins.

**A**

First, beginning with Golden's concerns with respect to his inability to obtain representation, the Court notes that Golden has not requested counsel, nor is the appointment of counsel automatic in federal civil rights cases.  Even if Golden had requested counsel, pursuant to 28 U.S.C. § 1915(e)(1), a federal court is authorized to appoint counsel to represent a pro se party in civil litigation, but only in truly exceptional circumstances.  *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  When considering whether to grant such a request, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009).  At any rate, Golden has demonstrated an ample ability to represent himself thus far, the claims asserted by Golden are not unusually complex, and, for the

4

reasons stated in Judge Atkins's report and recommendation, he is not likely to succeed on the merits. Thus, the Court has considered the *Lanier* factors and conclude that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for the plaintiff.

Golden likewise raises no actionable objections with respect to limitations on his access to legal materials encountered while incarcerated. Golden's allegation that he was denied access to the law book is, in essence, a claim alleging that he was denied access to the courts. The right of access to the courts guaranteed by the First Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the concern is "a right of access *to the courts*, not necessarily to a prison law library." *Walker v. Mintzes*, 771 F.2d 920, 932 (1985) (emphasis in original); see also *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (noting that *Bounds* did not establish a right to a law library). Moreover, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Rather, to establish a claim that the jail has interfered with his right of access to the courts, a prisoner must show actual injury to a non-frivolous claim. *Id*. at 353-55.

Golden's statements regarding his access to legal materials do not give rise to an actionable limitation with respect to his access to the court system. While Golden mentions that his access to the outside world is restricted, by virtue of having little money to pay for stamps or outgoing phone calls, he has still consistently been able to engage with the Court throughout this

5

case, filing timely motions and responses as needed.  While the Court certainly takes heed of the fact that Golden's access to legal assistance has undoubtedly been hampered during his period of incarceration, it can readily conclude that Golden has not presented an actionable claim for impairment of his right to access to the federal courts.  Consequently, nothing in Golden's response rises to an actionable objection or motion with respect to this proceeding.

**B**

Despite the lack of objections, the Court has nonetheless reviewed Judge Atkins's report and recommendation and agrees with his findings.  Judge Atkins first addressed Golden's deliberate indifference to safety claims. [R. 48 at 5-9.]  After conducting the requisite defendant-by-defendant review, Judge Atkins concluded that each defendant was entitled to qualified immunity. [*Id.*]  Next, Judge Atkins addressed Golden's deliberate indifference to serious medical needs claims. [*Id.* at 9-12.]  Again, he applied the requisite individual defendant analysis and again concluded that each defendant is entitled to qualified immunity. [*Id.*]  He also concluded that, as a whole, "Golden fails to produce any 'evidence on which [a] jury could reasonably find' there was a serious medical need that was recklessly disregarded by the Defendants." [*Id* at 10.]  Finally, Judge Atkins addressed Golden's unconstitutional conditions of confinement claims and concluded that the sort of deficiencies Golden complains of are not actionable under the Fourteenth Amendment, as he fails to present evidence of an "extreme deprivation" of the "minimal civilized measure of life's necessities."  [*Id.* at 12-13.]

In view of the foregoing Judge Atkins concluded that the Defendants were entitled to qualified immunity on all claims and recommends that the Defendants' Motion for Summary Judgment be granted.  Again, Golden raises no objections to any specific portions of Judge

Atkins's analysis.  In view of the foregoing and having reviewed Judge Atkins's report, the Court agrees.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Atkins's Report & Recommendation **[R. 48]** is **ADOPTED** as and for the opinion of the Court;

2. The Defendants' Motion for Summary Judgment **[R. 41]** is **GRANTED**;

3. Judgment in favor of Defendants shall be promptly entered.

This the 18th day of May 2026.

Gregory F. Van Tatenhove
United States District Judge